**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-01001-NAD |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | OPPOSED |
| TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF UNITED STATES' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The United States hereby moves this Court to grant leave to file an amended complaint, attached as Exhibit 1, pursuant to Federal Rules of Civil Procedure 15 and 16.  The United States respectfully requests that this Court grant it leave to file an amended complaint to clarify the bases for its claim.  Although the United States is beyond the February 1, 2024, implied deadline for amended pleadings, fact discovery does not close in this case until September 16, 2024, expert discovery does not close until October 14, 2024, and the ready for trial date is April 14, 2025.  There is both good cause permitting the United States to amend its Complaint and doing so would be in the interest of justice.

### I.    BACKGROUND

The United States alleges that Defendant Alabama Department of Transportation discriminated against Complainant under Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12111-12117, by failing to hire Complainant based on his disability and by using qualification standards and selection criteria that screened out Complainant based on his

1

disability and that were not job-related or consistent with business necessity.  Compl. ¶¶ 1-3,

ECF No. 1.  The United States alleges that Complainant is an individual with a disability within

the meaning of 42 U.S.C. § 12102.  Compl. ¶¶ 1, 38.  The ADA defines "disability" as (1) a

physical or mental impairment that substantially limits one or more of an individual's major life

activities, (2) a record of such impairment, or (3) being regarded as having such an impairment.

42 U.S.C. § 12102(1).  The United States maintains that its original Complaint covers any of

these bases given its reference to 42 U.S.C. § 12102 generally.  Compl. ¶¶ 1, 38.  That said, the

Complaint also references that Complainant's injury substantially limits major life activities.

Compl. ¶¶ 1, 38.  In recent discovery, the United States has learned new information making it

plausible that Complainant meets the definition of disability under multiple prongs of the

definition of disability.  The United States therefore seeks to amend the Complaint to clarify that

it alleges that Complainant meets the definition of disability generally, incorporating all prongs

of the definition.  Although the United States believes that Defendant is already on notice of this

basis for its ADA claim, caselaw in this Circuit indicates that the United States should seek leave

to amend its Complaint to provide complete clarity on this point.

   This case was filed by the United States on July 31, 2023.  ECF No. 1.  The Scheduling

Order was entered October 18, 2023.  ECF No. 15.  The United States served its First Set of

Requests for Production and Interrogatories on Defendant on February 20, 2024, and with an

extension granted by the United States, Defendants first responded on April 5, 2024.  In one of

the United States' requests for production, the United States sought contact information for

former coworkers of Complainant to better understand how he performed the Transportation

Maintenance Technician position he applied for when he had previously worked in the same

role.  Defendant ultimately provided this contact information on June 26, 2024.  The parties also

conducted depositions of three key witnesses, including Complainant and the two managers who were part of the hiring decision at issue and who previously worked with Complainant, during July 10-12, 2024.

In both the depositions and its contacts with witnesses for which the contact information was only recently provided, the United States has learned new information about the Complainant's ability to meet the definition of disability under multiple prongs. In particular, the United States now has information that Complainant could effectively perform the Transportation Maintenance Technician position without reasonable accommodations, that at least one hiring manager had worked with Complainant previously and knew about Complainant's injury, and that Complainant was "regarded as" having a disability by Defendant when he applied, within the meaning of 42 U.S.C. § 12102.

The United States believes that it has already sufficiently alleged disability under Federal Rule of Civil Procedure 8's liberal pleading standard. Indeed, Defendant's Answer incorporated all parts of the definition of disability in its "Twelfth Defense," stating, "Defendant did not discriminate against Complainant on the basis of any actual and/or record of disability or because Complainant is regarded as disabled." ECF No. 7 at 8. However, because of caselaw in this Circuit, the United States believes it is prudent to amend the Complaint to explicitly allege that Complainant had a disability under multiple prongs of the definition of disability. *See Equal Emp. Opportunity Comm'n v. Allstate Beverage Co., LLC*, No. 2:19-CV-657-WKW, 2023 WL 158211, at *2 (M.D. Ala. Jan. 11, 2023) (finding that the EEOC did not sufficiently allege a "regarded as" claim because Defendant did not have fair notice of the claim, in part because it was not discussed in the complaint), *appeal dismissed*, No. 23-10802-GG, 2023 WL 5835756 (11th Cir. Aug. 23, 2023) (unreported). The United States therefore seeks to amend its

Complaint given the information it recently learned in discovery to ensure fair notice to Defendant of its claim.

## II.    LEGAL STANDARD FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15 provides that a court should freely grant leave to amend where justice so requires.  *See, e.g., In re Engle Cases*, 767 F.3d 1082, 1108-09 (11th Cir. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Under Federal Rule of Civil Procedure 16(b), "[a] plaintiff seeking leave to amend [the] complaint after the deadline designated in a scheduling order must demonstrate 'good cause.'" *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009).  Rule 16(b)'s good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation marks and citation omitted).

Although the Scheduling Order here does not set a specific deadline for amended pleadings, the parties' 26(f) report suggested February 1, 2024, as the deadline for Plaintiff for both joinder and amended pleadings.  ECF No. 14.  The Scheduling Order adopted February 1, 2024, for joinder and stated that parties must move for leave to amend unless a pleading may be amended as a matter of course pursuant to Rule 15(a).  ECF No. 15.  Thus, the United States will presume that it needs to meet both the more stringent Rule 16(b)(4) standard and the more liberal Rule 15(a)(2) standard.

## III.    ARGUMENT

The United States meets the standard under 16(b) because the United States has diligently pursued its case according to the Scheduling Order provided by the Court, and the reason for

amendment is based on information only recently learned in discovery. The United States could not have met the Scheduling Order's implied deadline to amend pleadings, despite its diligence, because it did not then have the information demonstrating that Complainant meets the definition of disability under multiple prongs. Only when the United States interviewed coworkers using contact information provided by Defendant and deposed managers who knew Complainant did the United States learn of this basis for its claim. The United States therefore satisfies the Rule 16 standard for leave to amend its Complaint.

Under Rule 15's more liberal standard, leave to amend should be freely given unless doing so would be against the interests of justice, such as when there has been undue delay, bad faith, or repeated failure to cure deficiencies by amendments previously allowed, or granting leave would cause undue prejudice to the opposing party or be futile. *Foman*, 371 U.S. at 182; *see also In re Engle Cases*, 767 F.3d at 1119. None of these reasons are present here. The United States has not caused undue delay, as it has brought this issue to the Court's attention quickly after it learned the relevant information. *See Floyd v. E. Airlines, Inc.*, 872 F.2d 1462, 1490 (11th Cir. 1989) ("The mere passage of time, without anything more, is an insufficient reason to deny leave to amend."), *rev'd on other grounds*, 499 U.S. 530 (1991). There is no bad faith, as the United States' motive in amending the Complaint is solely to clarify the basis of its claim in light of caselaw in the Circuit which indicates it should do so. *See Allstate Beverage Co.*, 2023 WL 158211, at *2. And this clarification will not prejudice Defendant, because as discussed, Defendant already indicated in its Answer that it is on notice that the United States may allege that Complainant meets the ADA's definition of disability under multiple prongs. In addition, this amendment would not result in prejudice because this is not an "eleventh hour" amendment to the pleadings. In *United States v. Crumb*, No. CV 15-0655-WS-N, 2016 WL

5349459 (S.D. Ala. Sept. 23, 2016), the court held that there was no undue delay, unfair prejudice, or futility because the discovery cutoff date was several months away, the trial date was more than a year away, and there was no new claim being added. *See also In re Farm-Raised Salmon & Salmon Prod. Antitrust Litig.*, No. 19-21551-CIV, 2021 WL 5707670, at *2-3 (S.D. Fla. Oct. 27, 2021) (granting leave to amend when deadlines for discovery, dispositive motions, and trial had not yet passed). Here, neither party has filed for summary judgment, fact discovery does not close until September 16, 2024, expert discovery does not close until October 14, 2024, and the ready for trial date is April 14, 2025. The parties also already addressed the "regarded as" prong of the definition of disability in their depositions on July 10-12, 2024, including Defendant asking Complainant whether he was alleging that he was regarded as having a disability and whether he thought that the hiring mangers knew about his injury. Therefore, prior depositions will not need to be reopened and discovery can proceed without disruption.

Further, the United States is not seeking to add an additional claim—it simply seeks to ensure that the basis for its lawsuit is clear considering recent facts obtained in discovery by adding the complete definition of disability under the ADA to the Complaint.

**CONCLUSION**

The United States requests that this Court grant it leave to file the Amended Complaint, attached as Exhibit 1.

Dated: July 31, 2024                    **For the United States of America:**


REBECCA B. BOND
Chief

*/s/ Stephanie M. Berger*
AMANDA MAISELS
Deputy Chief
DAVID K. GARDNER
Attorney Advisor
STEPHANIE M. BERGER
Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
150 M Street, N.E.
Washington, D.C. 20002
Telephone: (202) 307-0663
Email:  stephanie.berger@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of July, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will forward a copy thereof to all attorneys of record.

*/s/ Stephanie M. Berger*
STEPHANIE M. BERGER
Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
150 M Street, N.E.
Washington, D.C. 20002
Telephone: (202) 307-0663
Email: stephanie.berger@usdoj.gov